UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 1:15-cv-11963-PBS

RAHSHEEM CHRISTIAN,

    Plaintiff

v.

JOHN STURDEVANT AND
CITY OF BROCKTON,

    Defendants

### DEFENDANTS JOHN STURDEVANT AND CITY OF BROCKTON'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

**I.     STATEMENT OF THE CASE**

This is a civil rights action brought by the Plaintiff against Defendants Officer John Sturdevant and the City of Brockton for events concerning the Plaintiff's arrest on or about June 9, 2012 by Officer Sturdevant in the City of Brockton, Massachusetts.

Specifically, the Plaintiff alleges that he was subjected to excessive force by Officer Sturdevant pursuant to 42 USC § 1983 and M.G.L. c. 12, § 11(i) (Count I and Count IV) and that Officer Sturdevant committed the intentional tort of assault and battery (Count II). The City of Brockton is sued for negligence pursuant to M.G.L. c. 258, § 4 of the alleged negligent actions of Officer Sturdevant in arresting the Plaintiff (Count V).[1]

---

[1] There is no Count III in the Complaint.

## II. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure allows a party to move with or without supporting affidavits for summary judgment in the party's favor upon all or any part of the action. Fed.R.Civ.P. 56(a). The Court should grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. A factual dispute is "genuine" if it can be resolved in favor of either party and such a dispute is "material" if it potentially affects the outcome of the case. *Calero–Cerezo v. U.S. Dept. of Justice*, 355 F.3d 6, 19 (1st Cir.2004).

Although the moving party carries the burden of establishing that there is no genuine issue as to any material fact, the burden "may be discharged by showing that there is an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 331 (1986).

The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e), summary judgment exists "to pierce the boilerplate of the pleadings and assess the proof in order to determine the need for trial." *Euromodas, Inc. v. Zanella*, 368 F.3d 11, 17 (1st Cir.2004) citing *Wynne v. Tufts Univ. Sch. of Med .*, 976 F.2d 791, 794 (1st Cir.1992).

Regarding a request of Motion for Summary Judgment, Rule 56(c) of the Federal Rules of Civil Procedure provides that:

> [t]he judgment sought shall be rendered forthwith if the pleadings, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In order for a court to grant summary judgment, it must determine: (1) whether there are any material facts at issue in the dispute; (2) whether those issues have been adequately presented to the court so as to be considered as genuine issues, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986), and (3) whether the moving party is entitled to judgment as a matter of law. *Román Figueroa v. Torres Molina*, 754 F.Supp. 239, 240–41 (D .P.R.19).

If a factual issue is not relevant to the resolution of a controlling legal issue raised by a motion for summary judgment, it is not considered material within the meaning of Rule 56(c) and summary judgment can be granted. *U.S. Fire Ins. Corp. v. Productions Padosa, Inc.*, 835 F.2d 950, 953 (1st Cir.1987); *Boston Five Cents Sav. Bank v. Dept. of Housing*, 758 F.2d 1, 4 (1st Cir.1985); *U.S. Sumitomo Shoji New York, Inc.*, 814 F.2d 798, 804 (1st Cir.1987).

**III.    STATEMENT OF THE FACTS**

Defendants have submitted a separate Statement of Undisputed Material Facts and hereby adopt same.

**IV.    ARGUMENT**

**PLAINTIFF HAS FAILED TO PRESENT A PROPER CLAIM OF NEGLIGENCE AGAINST THE CITY OF BROCKTON AND OFFICER STURDEVEANT IS ENTITLED TO QUALIFIED IMMUNITY**

**A.    NEGLIGENCE AGAINST THE CITY OF BROCKTON**

Prior to filing a civil tort suit against a public employer, G. L. c. 258, § 4, requires that a plaintiff "shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose." "Presentment must be made 'in strict compliance with the statute.'" *Gilmore v. Commonwealth*, 417 Mass. 718, 721, 632 N.E.2d 838 (1994), quoting from *Weaver v. Commonwealth*, 387 Mass. 43, 47, 438

N.E.2d 831 (1982). See *Rodriguez v. Cambridge Hous. Auth.*, 59 Mass. App. Ct. 127, 134 n.7, 795 N.E.2d 1 (2003),*S.C.*, 443 Mass. 697, 823 N.E.2d 1249 (2005), citing *Martin v. Commonwealth*, 53 Mass. App. Ct. 526, 529, 760 N.E.2d 313 (2002).

While the statute does not state <u>what</u> must be included in the presentment letter, *see Martin v. Commonwealth*, 53 Mass. App. Ct. at 529 ("the requisite sufficiency of content in a presentment is easier to outline than to apply"), there must be some indication of the type of claimed negligence.  In *Gilmore v. Commonwealth*, 417 Mass. at 723, the Supreme Judicial Court observed that a "presentment letter should be precise in identifying the legal basis of a plaintiff's claim" and should not be "so obscure that educated public officials should find themselves baffled or misled with respect to [the plaintiff's] assertion of a claim . . . which constitutes a proper subject for suit within G. L. c. 258." See *Martin v. Commonwealth*, *supra* (discussing "the *Gilmore* test"); *Rodriguez v. Cambridge Hous. Authy.*, 59 Mass. App. Ct. at 134.

Here, the presentment notice (Exhibit D) provides no indication of the type of alleged negligence. *Garcia v. Essex County Sheriff's Dep't, 65 Mass. App. Ct. 104 (2005).*  There is no claim that the City of Brockton was negligent in the hiring, training or supervision of Officer Sturdevant.  Nor can the actions of Sturdevant be deemed to be negligent, as the letter describes Sturdevant (Plaintiff was "brutally assaulted"  by Sturdevant who "not only unleashed the [K-9] on him, but allowed the animal to continuously bite Mr. Christian, while he also struck Mr. Christian as well…") as allegedly committing *intentional* acts of excessive force attributable to claims for a civil rights violation.[2]

Accordingly, the City of Brockton should be dismissed as the Plaintiff has failed to make the proper presentment notice content required by M.G.L.c. 258.

---

[2] Negligence alone cannot rise to the level of a civil rights violation.  *Daniels v. Williams, 474 US 327 (1986).*

      **B.**      **42 USC Section 1983 Against the City of Brockton and Officer Sturdevant**

        **i.**      **City of Brockton**

Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' *Kentucky v. Graham, 473 U.S. 159, 165-67, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)* (quoting *Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)*) (additional internal citation omitted).

In the instant case, Sturdevant is being sued both in his individual and official capacity, with the latter considered to be a suit against his employer, the City of Brockton. *Stratton v. City of Boston,* 731 F. Supp. 42, 46 (D. Mass. 1989).

As a general statement, a municipality "may be liable under [§ 1983] if the governmental body itself 'subjects a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.'" *Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). While municipalities may be liable under § 1983 for their own unconstitutional actions, they are not vicariously liable for the actions of non-policymaking employees. *Haley v. City of Boston*, 657 F.3d 39, 51 (1st Cir. 2011), and cases cited. "Thus, a plaintiff who brings a section 1983 action against a municipality bears the burden of showing that, through its deliberate conduct, the municipality was the moving force behind the injury alleged. Such a plaintiff must identify a municipal policy or custom that caused the plaintiff's injury." *Id.*

Because Plaintiff has failed to allege an unconstitutional custom, practice of policy against the City of Brockton, this claim should be dismissed.

### ii. Officer Sturdevant is Entitled to Qualified Immunity

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law. *See 42 U.S.C. § 1983* 3; *City of Okla. City v. Tuttle, 471 U.S. 808, 829, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)*; *Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002)*. In order for a defendant to be held liable under *§ 1983*, his or her conduct must have caused the alleged constitutional or statutory deprivation . *See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)*; *Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997)*.

As the Supreme Court recently reiterated, "a government official sued under § 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Hunt v. Massi*, 773 F.3d 361, 367(1st Cir. Mass. 2014), citing *Carroll v. Carman*, 135 S. Ct. 348, 350, 190 L. Ed. 2d 311 (2014). This doctrine gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law. Id. (internal quotation marks omitted). If reasonable public officials could differ on the lawfulness of the defendants' actions, the defendant is still entitled to qualified immunity. *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The two-step inquiry determines whether the defendants are entitled to qualified immunity:

> First, we inquire whether the facts, taken most favorably to the party opposing summary judgment, make out a constitutional violation. Second, we inquire whether the violated right was clearly established at the time that the offending conduct occurred. The second, "clearly established," step itself encompasses two questions: whether the contours of the

right, in general, were sufficiently clear, and whether, under the specific facts of the case, a reasonable defendant would have understood that he was violating the right. *Ford v. Bender*, 768 F.3d 15, 23 (1st Cir. 2014) (internal citations omitted); see also *Rocket Learning, Inc. v. Rivera-Sánchez*, 715 F.3d 1, 9 (1st Cir. 2013).

Although conducting this two-step analysis in sequence is sometimes advisable because doing so promote[s] the development of constitutional precedent, courts have discretion to avoid the direct constitutional question when a matter may be resolved at the second step. *Maldonado v. Fontanes*, 568 F.3d 263, 269-270 (1st Cir. 2009). The clearly established inquiry must be undertaken in a more particularized, and hence more relevant, sense. *Mullenix v. Luna,* 136 S. Ct. 305 (2015); *Hunt v. Massi*, 773 F.3d 361, 367(1st Cir. Mass. 2014) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Although excessive force is, by definition, unreasonable force, "reasonable people sometimes make mistake in judgments, and a reasonable police officer sometimes may use unreasonable force." *Morelli v. Webster*, 552 F.3d 12, 24 (1st Cir. 2009). When this occurs, "qualified immunity gives an officer the benefit of a margin of error." Id. See also, *Saucier v. Katz*, 533 U.S. 194, 205-6 (2001). For a plaintiff to defeat a qualified immunity defense, he must show "an incommensurate use of force beyond that needed to establish a garden-variety excessive force claim and, further, beyond the 'hazy border' noted by the <u>Saucier</u> court." *Morelli,* 552 F.3 at 24.

A police officer may use such force as is reasonably necessary to arrest a suspect. *Graham v. O'Conner*, 490 U.S. 386, 396 (1989). The amount of force the arresting officer may use depends on the severity of the crime, and whether the Plaintiff poses an immediate threat to the safety of the officers or others and whether the suspect is actively resisting arrest. *Sietins v. Joseph,* 238 F.Supp. 366, 376 (D. Mass. 2003). Not every push or shove -- even if it may later seem unnecessary in the peace of a judge's chamber -- violates the Fourth Amendment. *Godette*

*v. Stanley,* 490 F. Supp. 2d. 72, 78 (D. Mass. 2007). As the Court noted in *Graham*, "the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain and rapidly evolving – about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 397. Reasonableness must be judged from the perspective of a reasonable officer on the scene rather than from the 20/20 vision of hindsight. *Graham v. O'Conner*, 490 U.S. 386, 396 (1989).

Here, Plaintiff alleges two separate instances of excessive force against him: the bites from the dog after it was unleashed by Sturdevant and the striking by Sturdevant. As to the former, courts have widely recognized the important law enforcement functions served by police dogs and concluded their use is not inherently dangerous or unconstitutional. *See Robinette v. Barnes,* 854 F.2d 909, 912, 914 (6th Cir. 1988) (holding use of properly trained police dog to apprehend felony suspect does not carry with it a substantial risk of causing death or serious bodily harm and declining to label practice of using police dogs *per se* unreasonable); *see also Jarrett v. Town of Yarmouth, 331 F.3d 140, 150 (1st Cir. 2003)* ("No decision of which we are aware intimated that a policy of using dogs to apprehend concealed suspects, even by biting and seizing them, was unlawful…"). Here, to the extent Plaintiff claims the simple use of a police dog trained in the bite and hold method, without more, establishes a constitutional violation, Defendant Sturdevant is entitled to summary judgment.

Regarding Sturdevant's striking of the Plaintiff, this was done due to the failure to obey Sturdevant's commands to get on the ground. Given the fact that Sturdevant could not determine if the Plaintiff had a weapon or not, and the fact that the Plaintiff had tried to elude

Sturdevant by fleeing on the moped, Sturdevant's use of force was objectively reasonable and he is entitled to qualified immunity.

    **C.    Assault and Battery**

The plaintiff has also asserted a claim for assault and battery. "Assault and battery is the 'intentional and unjustified use of force upon the person of another, however slight, or the intentional doing of a wanton or grossly negligent act causing personal injury to another.'" *Sietins v. Joseph*, 238 F. Supp. 2d 366, 380 (D. Mass. 2003) (quoting *Jesionowski v. Beck*, 937 F. Supp. 95, 105 (D. Mass. 1996)). Where, as here, "a plaintiff alleges both a § 1983 excessive force claim and common law claims for assault and battery, [the] determination of reasonableness of the force used under § 1983 controls [the] determination of the reasonableness of the force used under the common law assault and battery claims." *Raiche v. Pietroski*, 623 F.3d 30, 40 (1st Cir. 2010). For the reasons expressed above, *supra at p.8,* this claim should be dismissed.

**V.    CONCLUSION**

For all of the foregoing reasons, Defendants' Motion for Summary Judgment should be allowed, as there are no disputed material facts and they are entitled to judgment as a matter of law.

    Defendants,
    John Sturdevant and City of Brockton,

    By their Attorney,

    /s/*Stephen C. Pfaff*
    _____
    Stephen C. Pfaff BBO# 553057
    Louison, Costello, Condon & Pfaff
    101 Summer Street, 4th floor
    Boston, MA 02110
    (617) 439-0305

## **CERTIFICATE OF SERVICE**

I, Stephen C. Pfaff, hereby certify that on the 8th day of July, 2016, I served the foregoing by causing a copy to be directed to the following by electronic filing and/or first class mail, postage prepaid**:**

Gordon W. Spencer, Esq.
Law Office of Gordon W. Spencer
945 Concord Street
Framingham, MA 01701

/s/*Stephen C. Pfaff*
_____
Stephen C. Pfaff