## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
_____
                                  )
RAHSHEEM CHRISTIAN,               )
                                  )
                Plaintiff,        )
                                  )
        v.                        )        Civil Action
                                  )        No. 15-11963-PBS
JOHN STURDEVANT, individually     )
and in his capacity as an         )
Employee, Agent, and/or Patrolman )
of the Brockton Police Dept.;     )
CITY OF BROCKTON,                 )
                                  )
                Defendants.       )
_____ )
```

**ORDER**

October 18, 2016

Saris, C.J.

Plaintiff Rahsheem Christian alleges that Defendant John Sturdevant, a Brockton police officer, used excessive force in apprehending the plaintiff. The defendant has moved for summary judgment, asserting a qualified immunity defense and arguing that no material facts are genuinely disputed.

In the early morning of June 9, 2012, Christian allegedly committed a traffic violation while operating a moped. Officer Sturdevant attempted to pull Christian over. Christian refused. In his attempt to evade Sturdevant, Christian lost control of the moped twice. The parties contest what happened next.

According to the defendant, Christian began "fumbling around near the bike" and Sturdevant could not determine if Christian "was going for a weapon." Docket No. 33, Ex. 2 at 2. Sturdevant then unleashed his canine. The canine bit Christian and Sturdevant "shouted at him to get on the ground and he failed to do so." Id. Sturdevant then "struck [Christian] several times sending him to the ground." Id. While on the ground, Christian continued to refuse Sturdevant's commands. At one point, Christian pushed Sturdevant and Sturdevant responded by striking Christian again.

Christian tells a different story. After falling off of his bike, Christian says he was lying flat on his stomach and was not moving. He never tried to run and did not attempt to stand up. He was unarmed and there was no evidence that he was armed. Sturdevant then released his canine and the dog began biting Christian. Before sending the dog, Sturdevant did not say anything to Christian. He did not tell Christian to get down on the ground or remain still. He also did not warn Christian that he would unleash his dog if Christian failed to obey his instructions. The dog bit Christian in multiple places. Afraid that the dog would bite his neck and face, Christian tried to stand. Sturdevant then ran over and began punching Christian in the face. At no point did Christian hit or try to hit the

defendant. At no point did Christian advance towards Sturdevant or make any threatening remarks or gestures.

"Summary judgment is only appropriately granted where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." Perry v. Roy, 782 F.3d 73, 77-78 (1st Cir. 2015); see also Fed. R. Civ. P. 56(c). A genuine issue exists where the evidence is "sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995). A material fact is "one that has the potential of affecting the outcome of the case." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011). "As with all determinations made at the summary judgment stage, in determining whether qualified immunity is appropriate, we view the facts in the light most favorable to the nonmovant." Ford v. Bender, 768 F.3d 15, 23 (1st Cir. 2014). Under either qualified immunity prong, "courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014).

The Court finds that there is a genuine dispute of material fact about what happened on the morning of June 9, 2012. Taking the plaintiff's version of the facts as true for the purposes of this summary judgment motion, the Court finds that the defendant would not be entitled to qualified immunity. The Court **DENIES** Sturdevant's motion for summary judgment with respect to Counts I, II, and IV. The plaintiff no longer presses Count V and has assented to dismissing the City of Brockton from the case. The Court therefore **ALLOWS** the city's motion for summary judgment.[1]

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge

---

[1] There is no Count III in the complaint.